May it please the court, common sense and judicial experience I think are going to be the controlling factors in deciding this case. As I stand before you, the law of Louisiana, and maybe the entire nation at this point, is that a web-based company for a fee will connect me with a minor. I can meet up with this child, give the keys to my house to this minor, and nothing that happens in connection with that transaction is at all my fault. That was the holding that we get from Profit v. Coleman as it stands right now. Teens can get alcohol poisoning, there could be rape, there could even be murder. Anything that happens in connection with whatever I let those kids do at the house is not my responsibility. I think that any reasonable person applying common sense in this scenario thinks this is an outrageous determination. Do we have jurisdiction over this appeal? Yes, Your Honor, and I'll tell you why. A couple of reasons, and I was going to get into this as we go. There were three motions filed, a motion to remand, there was a 12b-6, and then there was a motion to send arbitration. The first decision from the court is document 31, and as you'll see in that, the court said we find no plausible claim against Coleman and Harry, those are the landowners in Louisiana, right? And therefore they applied 12b-6 and the body of it. The contradiction is, I think, is there's an illusion of U.S. shipping, and that comes from a whole line of cases where they say, oh, if you look at the U.S. shipping v. Bourgeois, which is cited in that decision, there's a whole line of cases that say, we're testing for federal, we're testing for whether or not there is federal conformity for 12b-6 as opposed to, you know, all matters. But I think in effect, this is a 12b-6 dismissal, and I think that the second opinion from the court confirms that, Your Honor, because when you look at them in conjunction, and you really have no choice but to, because everything in this case was dismissed except for we were ordered to arbitration, but there are two things that go with that on arbitration, and I am kind of jumping ahead in my argument. Let me ask you, I mean, the 12b-6 type motion was decided in connection with a motion to remand, wasn't it? It was decided in a motion to remand, but also there was a 12b-6 done on the survival action, Your Honor. So, you know, in this All right, well, let's take the 12b-6 on her action, or the 12b-6 was on the action that survived for the decedent, right? Okay, the 12b-6, there was a dismissal pursuant to Louisiana law for J.Q., that is the minor, that's the survival action. Now, both the survival action and the wrongful death action come out of the same exact occurrence. They have the same root cause. So if there is a survival action that's dismissed because there's no plausible claim, the wrongful death action should have been dismissed logically. Instead, we were told you have to go to arbitration on a claim We found an arbitration agreement, and so the judge found that this was in the scope of the agreement would be left to the arbitrator, and so he ordered the case against the mother's claim to be arbitrated and dismissed the claim against the owner's. Isn't that right? Okay, yes, out of the first one, out of the first one, document 31, that's where the remand was denied. And the reason the remand was denied, as I said, there was improper joinder or fraudulent joinder, however you want to characterize it, of Coleman and Harry. Those are the Louisiana landowners who gave the keys. Those were the non-diverse parties. Those are the Louisiana citizens, actually. They're the ones who own the property. They're the ones who had to physically give the keys to the place to the minor. So, now both the U.S. Supreme Court and the Fifth Circuit, the U.S. Supreme Court in Lamps Plus v. Varela, and the Fifth Circuit in 2020 Communications v. Crawford, says that a gateway issue, which must be decided by the court itself, is whether or not there's a contract. So, one of the things that the opponents have been saying is that you would have to have psychic powers to know that something would take place on April 14, 2023, giving an entire house to a bunch of minors. I think you have to have psychic powers in 2020 when you sign up for Airbnb to think that three years from now I'm going to be arbitrating the death of my minor's son. It takes more of a leap in that situation, I believe, than the leap that had to be made to find that there was foreseeability that something could happen by just allowing minors to run loose in a house. What you're arguing now is that the judge erred in sending that case to the arbitrator. 100% correct, Your Honor. Because, and I'll tell you why, is because the case law specifically says you have to decide whether or not there was contract formation based on Louisiana law. The judge said, I want to look at California law, I want to look at Louisiana law. I think they're basically the same. And I don't think they're basically the same. I know nothing about California law, but I do, I have read enough of the Louisiana law and arbitration to know that it is not. Mr. Gordon, even assuming that you're correct on that, you didn't seek to mandamus the district court or the magistrate judge about the compelling of the arbitration and the staying and then the closing of the case. You didn't seek any relief from any of that, did you? No, Your Honor, I didn't. But, you know, I would say constructively, well, a lot of my argument today was going to be about the orders of the court because there was so much incongruence that I thought took place. And I think though it says, oh, this is a 12B6 or this is a 12B1, I think that the fact of the matter is that information came in from outside to which we objected. I think that this case was converted from a 12B6 to a Rule 56 summary judgment without us taking part in any discovery, Your Honor. One of the things that we had told the magistrate judge is, look, these are all these questions outstanding. We have to figure out, we have to figure out whose law applies. We have to figure out whether or not there was a contract. Assuming that's true, then you could seek to have it separated out so you could appeal that if the summary judgment was or it was the 12B6 was really a summary judgment. And that you could have separated that out to appeal that. Or you could have sought mandamus about the arbitration. Right, Your Honor. But it being a gateway issue, I would say that it was a final determination based on, again, lamps and 20-20 communications. And the other thing is that, look, I understand the hyper-technical arguments of it. But there is so much weaving that goes around in these two decisions that are incongruous. And I understand what you're saying. There are probably, there was probably a step I could have taken to make this a little bit more clear to get to this point. But I had so much difficulty understanding some of the decisions to begin with. Because, again, we never had discovery in this case. This circuit has addressed before, whenever it comes to arbitration, there has to be some sort of information exchanged. There was no information exchanged. I mean, some circuits even go as far as having many trials and decide if there was a contract. And Louisiana law is obviously not, does not, would not, I think. Maybe you should make your argument before your time runs out on your merits points, if you think you covered all the procedural obstacles. Okay. So, Your Honors, again, in Quinn v. Guerrero and Cherry Knoll v. Jones, and that was a Judge Davis case, the Court said that on a 12B6 determination, you have the right to make a decision from the outset. You have the right to make a decision on arbitration. The Court said that the plaintiff has no possible claim on more than one occasion. They said we had no plausible claim on more than one occasion. They looked past Ashcroft and Twombly, but both say that all we have to show is that there's a plausible claim. The remand itself should not have been denied. That was the first motion that was decided. We cited dozens of cases to this Court that show that inconnect, excuse me, may I grab my water real quick? Let me ask you this. How did you allege a plausible claim against the landowners? What did you allege they did wrong? Okay. It's in our complaint, Your Honor. And in the complaint, it says, one, that a contract was made with Airbnb and the landowners to rent the property. We alleged, and I haven't had anything to refute this, that that was an illegal operation. Two, that property, we alleged, and it has to be accepted as true, was used as a party location for underage partying. Three, underage party took place on here. Necessarily, the landowners had to meet with a child to give the property over to the child. I thought they were operating through Airbnb. Right, but you have to give somebody the keys, you have to give somebody the code, you have to have a connection with that person. Well, is that alleged? Yes, Your Honor. It's in our complaint. Do you have to hand over the key? Don't most of these places have the little lock box by the door where the key is? You could, but they're not. That's correct. You could, you could have a key, you could text them, something like that. We don't know. That's part of the issue here. This case was ended before it ever began. We jumped right to summary judgment. And again, based on the defendants putting inadmissible evidence into the record, information we never got to cross-examine, information we never got questions to. And, you know, one of the things that the court relied upon heavily were Pozekai. Pozekai v. Walmart. Pozekai v. Walmart is a case that went all the way to Louisiana Supreme Court. They had a full trial. They did discovery. They had depositions. They had testimony. And what the Supreme Court said, in deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The court may consider various moral, social, and economic factors, including the fairness of imposing liability, the economic impact on the defendant, and on similarly situated parties, the need for an incentive to prevent future harm, the nature of the defendant's activity, the potential for unimaginable flow of litigation, the historical development of precedent, and the direction in which society and institutions are involving. These are all factors that should be taken into account. And this is never going to be developed if this case is dismissed before it even begins, before we ever get to the point where we start discussing what happened. Was there a key? Who met with whom? What was the scope of this? Certainly, we may, when all the facts come out, it's very possible that the profits will not succeed with their case. But without knowing anything, the case has already been ended. Finally, I'd say I think this case is very akin to Berg v. Zuma. In Berg v. Zuma, which came after Pozekai, Louisiana Supreme Court looked past the Dram Shop Act, which normally protects anyone serving alcohol to majors from gives them almost absolute immunity. Louisiana Supreme Court, because there were 17-year-olds and people under 21 who were served, an accident, well, not an accident, but aggravated battery was alleged. A person was severely beaten on a roadway away from the bar. The bar was attached with liability. Even though they said, look, we have the Dram Shop Act. This didn't happen on our premises. We had nothing to do with this. They were acting on their own behalf. Even some of them were adults. But Louisiana Supreme Court said, no, public interest. You cannot take advantage of minors. You cannot directly contract with minors and really let them do whatever they want. I mean, it would be a different situation if, you know, there was some sort of parental intermediary. But these are people directly involved, directly targeting minors. And Airbnb was directly contacted the minors to give them an account and vetted them. And the landowners were directly in contact with the minors to let them use a house in the 9th Ward over a weekend. Thank you. We have your argument. Ms. Pardee. Good morning. May it please the Court. Avery Pardee on behalf of Airbnb. This Court does not have jurisdiction to hear any of the issues that plaintiff seeks to appeal at this time. The Court does not have appellate jurisdiction to review the denial of remand because plaintiff did not seek a Rule 54B certification from the trial court, designating that as final and immediately appealable. For the same reason, the Court does not have jurisdiction to hear the appeal from the 12B6 grant as to some claims but not all. As the Court is aware, what the trial court did below is the trial court granted 12B6 as to the survival claims brought on behalf of the decedent, J.Q. The Court compelled arbitration claims of the wrongful death claims brought individually by Tamika Proffitt and compelled those to arbitration. The Court stayed those claims. It did not dismiss them. And the Supreme Court directs in Smith v. Spizzeri that the trial court had no option to dismiss the case. She was required to stay, and that is what she did. But she did administratively close. That's a new thing that's being done, and it complicates things sometimes, that the case is considered closed and not really open on the docket. Can you address that? I have seen administrative closures in habeas cases where the judge's intent is essentially to press pause on it. They don't want to dismiss it, but they don't want it showing up on the reports of how long those cases have been open and pending. So the case is still open. It is still pending. It has simply stayed until the conclusion. So are part of the appeals just not ripe yet, and that once after the arbitration takes place, then the case will be ripe for him to file at least some of these appeals all in a bundle? That's right. Once arbitration is complete and Smith v. Spizzeri lays out the supervisory role that the district court maintains while the case proceeds through arbitration, at the conclusion of arbitration, at that point, plaintiff can seek an appeal, and we'll be back in front of the court. On the 12B6 and on the perhaps conversion to summary judgment point? On all matters at the end of the case, but we are not there yet. And it's also important that the Federal Arbitration Act and the Supreme Court interpreting it says that there is no interlocutory appeal from an order compelling arbitration when coupled with a stay, and that's exactly what we have here. And so there's no 54B certification. That's why the questions were framed in the context of mandamus. And there's no appeal right. It's the Supreme Court, the federal law, Louisiana state law. Everything favors arbitration, and that is the direction that this case needs to go at this time. You know, this is a pretty remote case for where you sign a contract and set up an account, and months or years later you rent an apartment through Airbnb. Did she rent this apartment? She didn't, did she? No, she did not. And, Your Honor, the arguments about whether this dispute falls within the scope of the arbitration agreement, that's an issue that has been delegated to the arbitrator by the terms of the arbitration agreement itself. But it seems to me like at some point you wouldn't have a contract, though, if, I mean, she had a contract that's totally unrelated to the lawsuit. The arbitration agreement provides that any dispute related to the use of the Airbnb platform, which is what this is, any dispute related to the Airbnb platform is referred to arbitration, and the arbitration agreement further provides that if there's a dispute about the enforceability of the agreement or its scope, that that is itself delegated to the arbitrator. So the arbitrator will determine whether this dispute falls within the scope of the arbitration agreement. If the arbitrator determines that it is outside the scope, then we return to federal court, the stay is lifted, and we proceed in court. But that threshold determination has been delegated to the arbitrator. Okay. And on the issue of contract formation, this Court is clear through TNR Enterprises what the plaintiff's obligation was to dispute contract formation below. The plaintiff was obligated to provide an affidavit specifically denying that she entered into a contract and providing some supporting evidence for that claim, and she did not. And so the trial court could not have been clearly erroneous when determining as a matter of fact, based on the affidavit that Airbnb submitted, with all of the business records, establishing assent to the terms of a service, with the bold text, all caps, arbitration agreement contained within it. She could not have been clearly erroneous in finding as a matter of fact that the plaintiff entered into that arbitration agreement. On the ‑‑ this is rehashing a little bit the delegation clause. The Supreme Court in Henry Schein and this Court in Lloyds 57 are very clear that once the court has determined that the plaintiff has entered into an agreement to arbitrate some set of claims, that the next step is to evaluate whether there's a delegation clause. This arbitration agreement does have a delegation clause, and because of that, the court's power is limited. The next step is to refer it to arbitration. How did they get into the property? I don't know. I don't know. It's not alleged in the petition. And so we have ‑‑ I think it's also significant that the plaintiff did not seek leave to amend below, and so we're hearing on appeal for the first time, and for the first time in oral argument, frankly, some factual allegations that were never made and that the plaintiff never sought leave to bring forward. Did he ask for discovery? He did serve discovery. However, it was before there was a pretrial discovery conference, and so it was premature. The discovery went to ‑‑ it sought requests like explain all of the ways in which you believe that the homeowners could not be liable as a matter of law for this action. That I don't think is properly the subject of discovery, and the trial court's findings on arbitration and contract formation, she followed the process that's laid out in TNR Enterprises. The separate issue of the improper jointer and the 12B6 type analysis, that's purely a legal process, and so no discovery was needed on that for the court to rule on that motion. I do think that this case is really a jurisdictional issue at this point. I'm happy to continue to talk through the merits if the court has questions on any of the specific rulings that the trial court entered. I think we have your argument. All right. Thank you, Your Honors. Your Honor, just in rebuttal, I would disagree that the appropriate standard was used in determining whether or not there was a contract between the parties. Again, every heavy reliance was used by the court as to whether it was California law    or Louisiana law, and in doing that, the court put an extra onus on us saying, oh, it had to be a fiduciary relationship using the LeFleur versus Busby case, because that was an attorney case. In our reply, we explained, and you have those, a trampoline park, cellular provider, computer service provider, those were all deemed to have been unconscionable contracts. Those were all contracts where there was no object price agreement. We would have to have reached an agreement that wrongful death is a part of this contract with Airbnb. Ms. Profitt's not the one who rented this property. They're applying a contract to her that has absolutely nothing to do with the events of this case. But how do you have jurisdiction to appeal the order sending to arbitration? Well, Your Honor, the court gets to decide gateway issues. Again, that's 2020 Communications and Lamps versus Varela. The court said, the Fifth Circuit said, we always have the gateway issue, and whether or not there's a contract formation is something that we can decide, and it's not for the arbiter to decide. Well, that's what's been decided, and now you lost the motion to compel, and so how can you appeal that order? Well, it was the final order, Your Honor, and it was closed. Again, it said administratively closed. No, but 9 U.S.C. Section 16 says, except as otherwise provided an appeal may not be taken from an interlocutory order directing arbitration to proceed in granting a stay. Well, I understand that, but that is a final decision, isn't it, Your Honor, saying you have to go to arbitration? I'm saying why doesn't that block the appeal? Because you have the right to review whether or not there's a contract in this case, and we never got discovery to determine whether or not there is a contract in this case. It's premature. This is actually not a 12b-6. Again, this is more of a Rule 56 summary judgment. Why hasn't that been delegated to the arbitrator in the contract? I don't think that the arbiter gets to decide whether or not there's a contract, Your Honor. I think the court decides that. Okay. That's our position. Thank you. Do you have any more questions? No, thank you. Thank you. We have your argument. We appreciate both arguments, and this case is submitted. This completes this argument session of the court for this week, and the court will stand adjourned pursuant to the usual order. Thank you.